W. JONES, Justice,
concurring.
For the same reason I concurred in State v. Haynes I also concur here. The majority holds herein that the administration of the breath test did not violate Mr. Riendeau’s rights because both the U.S. Constitution and the Idaho Constitution only protect against unreasonable searches (and breath *57 tests are reasonable). I feel that such a ruling improperly applies a general reasonableness standard for warrantless searches in lieu of the well-established rule that an explicitly recognized exception to the warrant requirement is needed. In this case, the Defendant voluntarily consented to the breath test, which constitutes an exception to the warrant requirement. The fact that the breath test was reasonable, while true, does not in and of itself constitute such an exception. Accordingly, I concur with the majority that the district court’s order that the breath test results were admissible should be upheld, but I do not concur with the majority’s failure to identify and apply an exception to the warrant requirement.